Final Decision
On May 15, 2009, Appellant filed an Intent to Appeal the May 1, 2009 decision of the Oneida Tribal Judicial System, Trial Court’s decision, in order to preserve the Appellant’s right to appeal. They requested a stay regarding any appeal, pending a response from the Trial Court addressing a Motion for Clarification.
On May 18, 2009, Appellant filed a Motion for Clarification to the Trial Court, seeking clarification to Appellants argument of “Petitioner contends according to OBC Resolution 4-13-90-A, which reads in part: ‘... the Oneida Personnel Commission be delegated the sole commission to generate personnel policies to be presented and recommended to the Oneida Business Committee to review, take formal action to approve, disapprove, ... said policy recommendations.’ ”
On May 18, 2009, the Trial Court denied the motion ruling the “Oneida Tribal Judicial System Rules of Civil Procedure do not require the Court to answer post-judgment motions for clarification. See Amelia Cornelius and Shirley Hill v. Oneida Election Board 03-TC-337, 2003 WL 25897267 12/8/03.”

A. Jurisdiction

This case comes to us as an appeal of an original hearing body, the Oneida Tribal Judicial System, Trial Court. Any person aggrieved by a final decision in a contested case can seek Oneida Tribal Judicial System review under Sec. 1.11-1 of the Oneida Administrative Procedures Act.

B. Factual Background

On August 21, 2008, Respondent, Oneida Personnel Commission, filed a complaint seeking Injunctive and Declaratory Relief against Appellant, Oneida Human Resources Department alleging the Standard Operating Procedure addressing the use of previous Oneida employment history to be invalid based on two factors: “1) the SOP exceeds Respondent’s authority to create internal Standard Operating Procedures (SOP) and 2) the SOP denies both due process and equal protection of tribal law to employees and applicants.”
After Peacemaking efforts failed to reach a solution, the case entered back into trial proceedings with oral arguments heard on March 10, 2009 on the following issues:
1. Does the Human Resources Department Employee Verification Standard Operating Procedure violate the rights of employees of the Oneida Tribe by subjecting them to a different standard of review of previous employment history than applicants from outside the Tribe?
2. Does HRD have the authority to create substantive Tribal law independent of the requirements of the APA?
On May 1, 2009 the Trial Court ruled the Human Resources Department’s Standing Operating Procedure addressing employment history was in conflict with the Oneida Personnel Policies and Procedure and therefore was invalid.
On May 15, 2009 Appellant filed a Motion for Clarification at the Trial Court seeking answers to several questions. The Trial Court answered, denying the motion ruling “The Oneida Tribal Judicial System Rules of Civil Procedure do not require the Court to answer post-judgment motions for clarification. See Amelia Cornelius and Shirley Hill v. Oneida Election *112 Board 03-TC-337, 2003 WL 25897267 12/8/03. While the Court tries its best to make its rulings clear and easy to under* stand, we may fall short in certain areas. The decision of the Court stands as written and speaks for itself. If any party disagrees with the ruling, appeals are available in accordance with applicable law.”
On May 15, 2009 Appellant filed their Notice of Appeal alleging the Trial Court decision to be:
Clearly erroneous and is against the weight of the evidence presented at the hearing level; Arbitrary and/or capricious;
There is a presentation or introduction of new evidence that was not available at the hearing level which, if available, may have affected the final decision.
On May 19, 2009 Appellant filed their Notice of Intent to Appeal (Amended) after receiving the Trial Court decision denying the Motion for Clarification. Appellant requests clarification/ruling on the Trial Court’s decision in part which states “the Oneida Personnel Commission be delegated the sole commission to generate personnel policies to be presented and recommended to the Oneida Business Committee to review, take formal action to approve, disapprove, ... said policy recommendations.”
The Appellate body met on August 17, 2009 and files its decision to deny the Motion for Clarification and to affirm the Trial Court’s decision.
II. Issues
Is the Trial Court denial of the Motion for Clarification clearly erroneous?
III. Analysis
Is the Trial Court denial of the Motion for Clarification clearly erroneous?
No. In the Rules of Civil Procedure there is no rule which requires the Trial Court to respond to a Motion for Clarification. The Trial Court responded by citing Amelia Cornelius and Shirley Hill v. Oneida Election Board 03-TC-337, 12/8/03 in which
According to the Rules of Appellate Procedure, Rule 5(A), any original hearing body decision may be appealed to the Oneida Appeals Commission as a matter of right. The trial court rendered its decision on November 24, 2003, the Petitioners have a right to appeal that decision. The Oneida Appeals Commission may accept or deny the appeal.
The Appellant may appeal to the Oneida Tribal Judicial System, Appellate Court, on arguments and issues that have already been heard at an original hearing body level.
In the Appellant’s Brief, of May 28, 2009, it goes on to say “In essence the appellant does not challenge the decision of the Trial Court regarding the Human Resource’s Standard Operating Procedure which addresses previous Oneida employment history.” This argument was brought before the Trial Court resulting in the May 1, 2009 decision invalidating the Human Resources Standard Operating Procedure. This court interprets this to mean he is not appealing the Trial Court decision invalidating the Human Resources Department Standard Operating Procedure regarding employment history reference checks.
However, in the Appellant’s appeal before this Appellate body, he is asking this body to answer questions which have not been heard before and answered by an Original Hearing Body. He requests clarification on:
1.) Does Resolution 4-13-90-A deal specifically with the development of poli- *113 cíes directly affecting “Personnel” only, or does this section also apply to all policy affecting “Personnel” no matter how discretely?
2.) Is the Trial Court in its decision, intending to affirm absolute authority to the Personnel Commission in the development and the acceptance (approval, disapproval) of all policies and procedures, or are other entities within the tribe given limited authority in the development and approval/disapproval?
3.) How does Resolution 4-13-90-A effect more recent laws such as the Oneida Nation Gaming Ordinance (ONGO) and section 1.8-1 of the Oneida Administrative Procedures Act (APA)?
The Original Hearing Body is the finder of fact, not the Appellate Review Body. We can only review allegations/assertions brought before us that are made after the original hearing body has made their determinations based on evidence presented. In this case the three (3) questions the Appellant brought before this body have not been argued at the Trial Court level. See Oneida Bingo & Casino, Table Games v. Elizabeth Kramer, — Am. Tribal Law -, 2002 WL 34528454, 7/30/02, “This issue was not raised during the course of the appeal, therefore it is improper to issue a ruling at this time.” In Oneida Administration v. Parr, — Am. Tribal Law-, 2001 WL 36228228,10/22/01, we stated:
Regarding the motion to dismiss, we held in Grignon, Alfrieda v. Senior Center, 3 O.N.R. 3-46, Pg 47, — Am. Tribal Law -, 1997 WL 34715243 (6-6-97), that ‘as an appellate body, this Commission will normally only consider on appeal those issues which were raised and argued before the original hearing body’ in Powless, Debra v. Oneida Election Board, 2. O.N.R. 3-56, Pgs 57, 58 Docket No. 95-CVL-0017, (6-7-96), we held ‘first, this issue was not properly raised before the original hearing body and is therefore not an issue that will be fully considered at appellate review’, in Weber, Clyde v. Oneida Bingo and Casino, 2. O.N.R. 3-4, pg 4 Docket No. 95-EP-0013, (1-9-96), we held ‘the Appeals Commission is not a body that makes a record or accepts new evidence. It is an appellate body that reviews the record and decision of the lower hearing body’.
The original question brought before the Trial Court had to do with Human Resources Department’s Standard Operating Procedure allowing it to consider job applicants’ prior tribal work history. The Trial Court ruled this practice was not permitted as it was inconsistent with Human Resources Department’s authority to do “reference checks” as allowed by the Oneida Personnel Policies and Procedures. They go on to say the Business Committee or General Tribal Council could authorize Human Resources to use employment history in the future, but it would have to amend the Oneida Personnel Policies and Procedures manual and such policy would not raise due process or equal protection concerns.
After any court ruling there are often new questions raised due to related issues. This Appellate Court will not rule on issues that were not raised by the original case. The Human Resources Department is requesting an answer to the questions raised, however, this Appellate Review body is not the correct agency to supply such legal opinion or declaratory ruling. One avenue would be for the Appellant to seek legal counsel to analyze and evaluate the questions raised and pose those questions to an original hearing body who can *114 make a determination or ruling in the areas the appellant is requesting.